# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3607

———————————————

United States of America

*Plaintiff - Appellee*

v.

Vernon Swanson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: September 18, 2023
Filed: November 27, 2023
[Unpublished]

——————————

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Vernon Swanson pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On February 28, 2020, Swanson, a registered sex offender, was required to turn over his cellphone to Arkansas Community Correction officers during a home visit. When the officers found what appeared to be child pornography on Swanson's cellphone, they notified law enforcement. Ultimately, law enforcement officers found at least 37 images depicting child pornography on the phone. They also found text conversations between a user account named "swansonvern66" and others that discussed arrangements for making a minor available for sexual purposes. In one text conversation, swansonvern66 discussed setting up men to have sexual contact with swansonvern66's daughter during spring break.

Swanson was indicted by a federal grand jury on three counts of receipt of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (a)(4)(B). Swanson signed a plea agreement, agreeing to plead guilty to one count of possession of child pornography, and stipulating that "[t]he maximum [statutory] penalty for the charge . . . [was] not less than ten years imprisonment to not more than 20 years imprisonment." At Swanson's change of plea hearing, the district court[1] reiterated this statutory range, and Swanson confirmed that he understood what he was being charged with and the statutory penalties for that crime.

At sentencing, the district court determined Swanson's advisory Guidelines range was 70 to 87 months, increased to 120 months because "the statutory required minimum sentence of ten years is greater than the maximum of the applicable guideline range." See United States Sentencing Guidelines § 5G1.1(b) (2021). The

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

court varied upward and sentenced Swanson to a 180-month term of imprisonment, consecutive to any undischarged state sentence he was serving in Arkansas.[2]

Swanson appeals on two grounds. First, he argues he received an illegal sentence because the district court did not make any findings at sentencing regarding whether he had a predicate offense triggering the enhanced penalty under § 2252(b)(2). Second, he argues his 180-month sentence is substantively unreasonable.

## II.

Under federal law, a person convicted of possessing child pornography depicting a minor under the age of 12 faces a statutory penalty of not more than 20 years of imprisonment. 18 U.S.C. § 2252(b)(2). If that person has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," however, the statutory penalty range increases to a sentence of no less than 10 and no more than 20 years. Id. Swanson argues for the first time on appeal that the district court erred by applying the enhanced penalties of § 2252(b)(2) without expressly determining whether he had a prior qualifying conviction.

Swanson may have waived the opportunity to challenge application of § 2252(b)(2) by, among other things, signing a plea agreement that stated he understood that the statutory penalty range was 10 to 20 years of imprisonment. See United States v. Olano, 507 U.S. 725, 732–33 (1993); United States v. Corn, 47 F.4th 892, 896–97 (8th Cir. 2022) (applying invited error doctrine).[3]

---

[2]At the time of sentencing, Swanson was in the primary custody of the Arkansas Department of Corrections for violating the terms of his state parole related to a prior conviction for failure to comply with sex offender reporting and registration.

[3]On appeal, Swanson does not concede that he has a qualifying prior conviction for purposes of § 2252(b)(2). But he also does not contest that he was convicted in 1991 for first-degree sodomy with a victim under the age of 12, and for

But even under plain error review, Swanson has not met his burden. See United States v. Coleman, 961 F.3d 1024, 1027 (8th Cir. 2020) (holding that on plain error review, a "[defendant] must show (1) an error, (2) that is plain, and (3) that affects [their] substantial rights." (quoting Olano, 507 U.S. at 732)); Fed. R. Crim. P. 52(b). True enough, Swanson's plea agreement did not identify the prior conviction or convictions that qualified him for the enhanced statutory penalties listed. Further, neither the parties nor the district court identified a prior qualifying conviction during the change of plea or sentencing proceedings. Even the Presentence Investigation Report failed to specify a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." But Swanson does not argue that his prior convictions would *not* qualify for purposes of the enhanced penalties of § 2252(b)(2). Without that, he has failed to show how the district court's failure to state its findings on the record was prejudicial. Olano, 507 U.S. at 734, 739 (explaining that an error "affec[ting] substantial rights" is one that is prejudicial, meaning "[i]t must have affected the outcome of the district court proceedings").

## III.

Swanson also challenges the substantive reasonableness of his sentence. We review the reasonableness of a district court's sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (cleaned up). A court's imposition of a sentence outside the advisory Guidelines range requires a "sufficiently compelling" justification, adequately explained by the record. Gall, 552 U.S. at 50.

_____

first-degree sexual abuse, in violation of Oregon state law. See § 2252(b)(2) (providing a 10-year mandatory minimum sentence applies only if a person has a prior qualifying conviction).

-4-

At sentencing, Swanson requested a 120-month sentence. The government requested 240 months. After weighing the § 3553(a) factors, the court arrived at a sentence of 180 months. The court placed significant weight on Swanson's criminal history, which included a conviction involving sexual contact with a minor. The court also relied on Swanson's past performance on supervision, noting Swanson was on parole at the time of the instant offense. See § 3553(a)(1). Swanson contends that these factors were already accounted for in the calculation of his sentencing range. But when the Guidelines do "not sufficiently account for the scope of [a defendant]'s criminal conduct," a court may vary upward based on relevant § 3553(a) factors. United States v. Dehghani, 550 F.3d 716, 723 (8th Cir. 2008). Moreover, the district court clarified that Swanson's criminal record was particularly concerning because it was apparent that his prior convictions had not deterred Swanson from engaging in further criminal conduct of the sort involved here. The court recognized that it was imposing an upward variance, but expressed the view that the sentence was sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and protect the public. See § 3553(a)(2). We discern no abuse of discretion in the district court's weighing of the appropriate factors.

IV.

The judgment of the district court is affirmed.

_____